# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CHARLES PENNINGTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:20-CV-187-CLC-HBG |
| MIKE PARRIS, WARDEN, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Now before the Court is a pro se prisoner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, in which Petitioner challenges a criminal judgment against him in the Criminal Court for Shelby County, Tennessee [Doc. 2 p. 1].

Under 28 U.S.C. § 2241(d), a petitioner may file a habeas corpus petition in either the district where he is in custody or the district where the judgment against him was entered. Petitioner is in custody of the Morgan County Correctional Complex in Morgan County, Tennessee and his judgment of conviction was entered by a criminal court in Shelby County, Tennessee [Doc. 2 p. 1]. Morgan County is in the Northern Division of this District. 28 U.S.C. § 123(a)(1). Shelby County is in the Western Division of the United States District Court for the Western District of Tennessee. 28 U.S.C. § 123(c)(2).

Thus, venue for this § 2254 petition is proper in both this District and the Western District of Tennessee. A petitioner's place of confinement may change, however, while the district of his conviction will remain constant. Accordingly, the consistent practice in the Tennessee federal courts is to transfer habeas petitions to the district in which the convicting court is located.

As the Court is authorized to transfer a case such this to another District "in the interest of justice," 28 U.S.C. § 1406(a), the Clerk will be **DIRECTED** to transfer this action to the Western Division of the United States District Court for the Western District of Tennessee and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

Case 2:20-cv-02328-MSN-tmp   Document 6   Filed 05/05/20   Page 2 of 2    PageID 34